UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

SHANNON TYRONE CRAIG,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

Civil No. 10-3121 (PJS/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed In District Court Without Prepaying Fees Or Costs," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).

To state an actionable claim for relief, a complaint must set forth a comprehensible statement of historical facts, which, if ultimately proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory:

the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, Plaintiff is attempting to sue Michael J. Astrue, the Commissioner of Social Security. Plaintiff has submitted his complaint on the form that is to be used by complainants who are bringing claims for wrongful denial of social security benefits. However, it is by no means clear that Defendant actually has denied any application for social security benefits submitted by Plaintiff. Furthermore, even if Plaintiff has been denied social security benefits, his current complaint does not explain why he believes he should have been awarded such benefits. Thus, the Court finds that Plaintiff has not pleaded an actionable claim against the named Defendant for wrongful denial of social security benefits. Nor has Plaintiff pleaded any other actionable claim against Defendant.[1]

Because Plaintiff has failed to plead a cause of action on which relief can be granted, the Court will recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

---

[1] The Court notes that Plaintiff recently filed another lawsuit against the same Defendant that he is attempting to sue here – Michael J. Astrue. See Craig v. Astrue, No. 10-3122 (PJS/AJB). In that case too, Plaintiff failed to plead a cause of action on which relief can be granted. However, Plaintiff is being given leave to file an amended complaint in that other case. If Plaintiff is attempting to bring another claim against Defendant Astrue here – i.e., a claim different from the one he was attempting to bring in Civil No. 10-3122 (PJS/AJB) – he can present that other claim in the amended complaint that he is being allowed to file in the other case. See Fed. R. Civ. P. 18(a) ("A party asserting a claim... may join, as independent or alternative claims, as many claims as it has against an opposing party."). In other words, Plaintiff should plead all of his claims against Michael J. Astrue in an amended complaint filed in his other case.

1. Plaintiff's "Application To Proceed In District Court Without Prepaying Fees or Costs," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August 5, 2010

    s/ Arthur J. Boylan

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 19, 2010.